## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **CRYSTAL VALLERY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No.:** |
| **v.** | § | |
| | § | |
| **WAL-MART ASSOCIATES, INC.,** | § | **TRIAL BY JURY DEMANDED** |
| **WAL-MART STORES EAST, LP, &** | § | |
| **WALMART, INC.** | § | |
| | § | |
| **Defendants.** | § | |

---

## ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Crystal Vallery, (hereinafter "Plaintiff"), complains of Wal-Mart Associates, Inc., Wal-Mart Stores East, LP and Walmart, Inc. (hereinafter "Wal-Mart" or "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of sex and race discrimination as well as retaliation under Title VII of the Civil Rights Act of 1964, as amended.

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest.

### PARTIES

1

4.      Plaintiff, Crystal Vallery, is a resident of Houston, Texas.

5.      Defendant Wal-Mart Associates, Inc. is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6.      Defendant Wal-Mart Stores East, LP is a limited partnership authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

7.      Defendant Walmart, Inc. is a corporation authorized to do business in the state of Texas and process may be served by mail or in person on its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

**VENUE**

8.      Venue is appropriate in the United States District Court for the Southern District of Texas—Galveston Division in that Defendants' distribution center in which Plaintiff worked is located in this district and division. Therefore, Defendants can be said to reside/or do business in this district and division as required under 28 U.S.C. § 1391.

**JURISDICTION**

9.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under the Civil Rights Act of 1964, as amended.

10.     The unlawful employment practices were committed within the jurisdiction of this Court.

**PROCEDURAL REQUISITES**

11.     All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue her claims.

12.     Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about July 27, 2016.

13.     Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling her to file suit on her claims of discrimination based on race, sex and retaliation on or about November 8, 2017.

14.     The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

15.     Plaintiff is an African-American female.

16.     Plaintiff began working for Defendants on May 12, 2009 at Defendants' distribution center located at 4554 Oscar Nelson Jr. Dr., Baytown, Texas 77523.

17.     At the time of Plaintiff's termination her job title was "Area Manager." Plaintiff's specific duties included managing the Flow Receiving Department at Defendants' distribution center.

18.     Plaintiff supervised approximately 20 employees in her department.

19.     Plaintiff's shift entailed working 36 hours over the course of a week. She was primarily scheduled for Friday, Saturday and Sunday.

20.     Plaintiff was an exemplary employee of Defendants and was named employee of month in July 2011 and April 2013.

21.     During Plaintiff's employment with Defendants, she worked alongside another male manager named Yener Mete ("Mete").

22.     During Plaintiff's employment, Mete discriminated against Plaintiff by frequently accusing Plaintiff of doing and saying things that Plaintiff did not, in fact, do or say.

23.   In doing so, Mete undermined Plaintiff's authority with her subordinates and damaged her reputation within the distribution center.

24.   Mete repeated this conduct with another female manager who worked with Plaintiff. Notably, Mete did not demonstrate this behavior toward male co-workers.

25.   Plaintiff reported Mete's conduct to her direct superior, Nelly Rangel, on more than eight occasions between 2014 and 2016. On each occasion, Plaintiff prepared a formal written complaint.

26.   Additionally, Plaintiff reported Mete's conduct to her second level supervisor, Assistant General Manager Julie Stephens, on more than three occasions.

27.   Neither Nelly Rangel nor Julie Stephens took any action to address Mete's conduct.

28.   On July 15, 2016, Karl Gaines, an associate who worked directly for Plaintiff, was terminated by General Manager Robert Brown and Assistant General Manger Julie Stephens for allegedly misusing company time on July 9, 2016.

29.   Mr. Gaines is African-American.

30.   Both Robert Brown and Julie Stephens are white.

31.   Only July 19, 2016, Assistant General Manager Julie Stephens contacted Plaintiff about Karl Gaines. Stephens asked Plaintiff to account for Karl Gaines' conduct on July 9, 2016.

32.   Plaintiff told Julie Stephens that she did not believe that the allegations against Karl Gaines were true. Plaintiff further stated that the termination of Karl Gaines appeared to be race discrimination because Plaintiff knew of two white employees who were accused of similar offenses, but who only received disciplinary "write-ups" rather than being terminated.

33.     On July 22, 2016, Robert Brown and Julie Stephens met with Plaintiff to discuss Karl Gaines.

34.     In this meeting, Brown and Stephens questioned the Plaintiff about three other incidents concerning Karl Gaines. At the conclusion of the meeting, they told Plaintiff to go home despite Plaintiff being scheduled to work.

35.     On July 25, 2016, Plaintiff was terminated for misconduct in supervising Karl Gaines.

36.     Plaintiff was, in fact, terminated on the basis of her sex, race and in retaliation for her complaints of discrimination. Plaintiff's supervisors failed to address the ongoing harassment of Plaintiff or address complaints of unequal discipline.

## COUNT I

## DISCRIMINATION BASED ON RACE UNDER TITLE VII

37.     Plaintiff re-alleges and incorporates into count one, paragraphs 1-34.

38.     Defendants, by and through their agents and employees, especially Julie Stephens, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, as amended, and directly discriminated against Plaintiff because of her race, by harassing her due to race and then by firing her due to her race.

39.     Defendants, by and through their agents, especially Julie Stephens, have maintained a policy of race discrimination in violation of the foregoing statute against Plaintiff.

40.     If Plaintiff were not African-American, she would not have been harassed, treated poorly, and unlawfully discharged.

## COUNT II

## DISCRIMINATION BASED ON RACE UNDER 42 USC §1981

41.     Plaintiff re-alleges and incorporates into count two, paragraphs 1-34.

42.     Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 USC §1981, as amended.

43.     Defendants, by and through their agents, have maintained a policy of race discrimination, as part of the terms and conditions of Plaintiff's employment contract with Defendants, in violation of the foregoing statute against Plaintiff.

44.     If Plaintiff were not African-American, but rather a white, she would not have been terminated or harassed because of her race.

## COUNT III

### TERMINATION ON THE BASIS OF SEX

45.     Plaintiff re-alleges and incorporates into count three paragraphs 1-34.

46.     Defendants, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, because of sex.

47.     Defendants, acting by and through its employees, maintained a policy of sex discrimination, in violation of the foregoing statutes against Plaintiff.

48.     If Plaintiff was not female, she would not have been terminated.

## COUNT IV

### TERMINATION ON THE BASIS OF RETALIATION

49.     Plaintiff re-alleges and incorporates into count four paragraphs 1-34.

50.     Defendants, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, because of its retaliation for complaints of race and sex discrimination.

6

51.   Defendants, acting by and through its employees, maintained a policy of retaliation, in violation of the foregoing statutes against Plaintiff.

52.   If Plaintiff had not complained of race and sex discrimination, she would not have been terminated.

## DAMAGES

53.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

54.   Defendants' actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by Defendants were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

55.   Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE AND ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

56.    Plaintiff hereby makes her request for a jury trial.

## PRAYER

57.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants

be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the

following relief:

a.  Back Pay;

b.  Pre-Judgment Interest on Back Pay;

c.  Front Pay;

d.  Compensatory Damages, including but not limited to emotional distress;

e.  Punitive Damages;

f.  Injunctive and Affirmative Relief;

g.  Attorney's Fees and Costs;

h.  Such other and further relief, at law or in equity, general or special, to which Plaintiff

may show she is justly entitled.

Dated: January 16, 2018                          Respectfully submitted,

                                                 **COANE AND ASSOCIATES, PLLC**

                                                 */s/Bruce Coane*
                                                 Bruce A. Coane, Attorney-in-Charge
                                                 S.D. Tex. #7205
                                                 TX Bar #04423600
                                                 Email: bruce.coane@gmail.com
                                                 Matthew P. Swiger
                                                 S.D. Tex. #24088495
                                                 TX Bar #2276929
                                                 Email: matt.swiger@coane.com
                                                 Coane and Associates, PLLC
                                                 5177 Richmond Ave., Suite 770

Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***